ENOCHS-HAVIS LUMBER COMPANY *v.* GUS NEWCOMB ET AL.

ASSIGNMENT. *Chose in action.* *Notice.* *Equity pleadings.*

> A bill of complaint setting up an equitable assignment of a chose in action against one having a subsequent legal assignment thereof, for value, is fatally defective in omitting to aver that the second assignment was taken with notice of the first, or that the assignee of the earlier assignment first gave notice to the debtor.

FROM the chancery court of Warren county.

HON. W. C. MARTIN, Chancellor.

The Enochs-Havis Company, appellant, was complainant, and the appellees, Newcomb and others, defendants in the court below.

The appellant filed its bill in chancery against Gus Newcomb, the city of Vicksburg, George Anderson, attorney for George Walton, and M. A. Kinney, to have two claims (one for $68 and one for $125) due by the city of Vicksburg to Gus Newcomb, and claimed, respectively, by George Walton and M. A. Kinney, adjudicated to the appellant, and the board of mayor and aldermen required to pay said claims to it instead of to Walton and Kinney. The bill alleges that Gus Newcomb was a contractor and builder, and that the Enochs-Havis Lumber Company was a corporation, and was dealing in lumber, mill work, and all sorts of building material; that said Enochs-Havis Lumber Company, and the said Gus Newcomb, entered into an agreement whereby it was substantially agreed that the Enochs-Havis Lumber Company should furnish Newcomb with building materials, such as lumber, mill work, shingles, etc., and with money to cover his pay rolls as they became due, to enable him to take and execute contracts for building houses, etc., but any contract which Newcomb should make was to be first submitted to and approved by it, and that such contract should be assigned to it as security for any building material and money which should be furnished to execute and carry out the contract; that said contracts should be assigned by Newcomb to the First National Bank of Vicksburg for the use and benefit of the Enochs-Havis Lumber Company, and delivered to the bank for collection; that after the execution of this contract Newcomb began taking contracts, which were submitted to appellant and approved by it; that these contracts were assigned by Newcomb to the bank for the use and benefit of appellant, and that appellant began furnishing him with materials and money to carry on his business; that this course of dealings continued between them until about the 1st of September, 1899, at which time Newcomb left the country, indebted to appellant in the sum of $1,600, which amount has never been paid; that among the contracts taken by Newcomb under this contract were two with the city of Vicksburg (one for $68 and the other

for $125); that, when these two contracts were made, Newcomb, in accordance with his written agreement with appellant, submitted to it his figures and estimates, which were approved, and in pursuance of said written contract Newcomb was instructed to close the contracts and deliver them, properly assigned, to the bank for the use and benefit of appellant, which Newcomb afterwards reported that he had done; that appellant thereupon furnished the material to do the work and the money to pay the pay rolls, upon the faith of its original agreement; that, while Newcomb reported to appellant that he had delivered the contracts in each of the above named cases to the bank pursuant to his agreement, in fact he had not done so, but, in fraud of appellant's rights, had kept and preserved the same for himself; and that at or about the time the work was completed, Newcomb gave some sort of written transfer to M. A. Kinney of the $68 due him, and another to George Anderson, attorney for George Walton, for the $125 due him from the city. George Walton and M. A. Kinney demurred separately to this bill. Decree *pro confesso* was taken against Newcomb. The demurrers to the bill were sustained by the court below, and the bill dismissed. From this decree the complainant appeals.

*Dabney & McCabe*, for appellant.

The authorities sustain both of our contentions that the original contract was itself an assignment of the claims in controversy, and if not, that the transactions with reference to these specific claims between Gus Newcomb and appellant at the time they were made amounted to an equitable assignment of the same. 2 Am. & Eng. Enc. L. (2d ed.), 1055; *Pass* v. *McRea*, 36 Miss., 143; *Perkins* v. *Gibson*, 51 *Ib.*, 699.

The statute limits the contracts to be recorded to deeds of trusts and mortgages. Code 1892, § 2457. It is manifest that the transaction between Newcomb and appellant was neither a deed of trust nor a mortgage, and was good not only

as between them, but as to all third parties, whether recorded or not. In other words, the statute invoked does not cover the case. This transaction was an assignment of a chose in action, and there is no statute requiring such assignments, whether they be absolute or conditional, to be recorded. There is no law requiring an equitable assignment to be written. 2 Am. & Eng. Enc. L. (2d ed.), 1056.

There is nothing in the bill on the point as to whether or not George Walton or his attorney, George Anderson, had any notice at the time the assignment was made to him of the contract by appellant with Newcomb. Nor is there anything in it, or in the brief, showing that the city was immediately notified by Walton, or his attorney, of the assignment to him. If it be true that Walton and his attorney had no notice of the contract between appellant and Newcomb when they took the assignment, and if they, upon getting their assignment, did immediately notify the city of that fact, then they should set those facts up by answer, instead of undertaking to set them up by way of demurrer, if they are of any value.

Again, counsel claims, in substance, that the bill alleges that appellee was an innocent purchaser, for value, from Newcomb of this claim, and that he would be protected on that ground. We insist that the bill makes no such allegation.

*George Anderson,* for appellee.

At the time the assignment to Walton was made he had no notice of appellant's alleged claim to the fund, or of its con tract with Newcomb, and the city was immediately notified of such assignment before it had any notice of said claim and contract.

It is claimed that appellee was not an innocent purchaser because there was no new and present consideration for the assignment to appellee of the claim against the city. In the first place Walton, being a creditor, and the mortgage being

one that should have been recorded, it was void as to Walton, whether there was any new consideration or not. In the second place, the bill alleges that the assignment to Walton was made in consideration of a past indebtedness due by Newcomb to him, which was a sufficient consideration to make him a *bona fide* purchaser for value without notice.

The appellant's claim was neither a legal nor an equitable assignment, nor any other kind of an assignment of this contract to appellant, yet, as recited in the demurrer, that is the most favorable view that could be accorded to the appellant in this case, and still, as appellee had no notice of its existence before he received the assignment of the claim and first notified the city that the fund had been transferred, his rights are superior to those of appellant and he is entitled to the fund. See 2 Am. & Eng. Dec. in Eq., 2188(2); *Judson* v. *Corcoran*, 17 How. (U. S.), 614; *Spain* v. *Hamilton*, 1 Wall. (U. S.), 625.

WHITFIELD, C. J., delivered the opinion of the court.

Under the rule that the pleadings must be construed most strongly against the party tendering the pleading, this bill must be held to aver, in connection with the exhibit, that the appellant had an equitable assignment of the fund, and the appellee a legal assignment; that the appellee was a purchaser for value, having accepted the assignment in full payment of a valid pre-existing debt. Where there is a debtor of the assignor, and the assignor has made two assignments of the debt, that assignee takes who first notifies the debtor, provided he had no notice of a prior assignment. In *Perkins* v. *Butler Co.* (1895), in 2 Am. & Eng. Dec. Eq. (a precisely similar case), at page 212, 2 Am. & Eng. Dec. Eq., and page 310, 62 N. W. Rep., the rule is thus stated: "In determining priorities between different assignments of this character, the general rule is that that assignment which is first brought to the notice of the debtor has priority." See, also, 2 Am. & Eng. Dec. Eq., 219; 44 Neb., 110; 62 N. W. Rep., 308. And in 2 Am.

& Eng. Enc. L. (2d ed.), 1077, it is said: "It is a well established rule in England that, as between successive assignees of a chose in action, he will have the preference who first gives notice to the debtor, even if he be a subsequent assignee, provided that at the time of taking it he had no notice of the prior assignment. In this country the authorities are greatly at variance on this question. In the federal courts and in many of the state courts the English rule has been adopted." We follow the English rule, which is that also of the United States supreme court. See *Mathews* v. *Hamblin*, 28 Miss., at page 615. It is true, the bill does not aver that appellee knew of the appellant's assignment, nor that the appellee had not notified the city first. But appellant, stating what he does, fails to state a case without these averments, since, accepting what the bill does state as true, the appellant could not prevail over appellee without averring these two facts. The bill must state a case clearly entitling the complainant to relief. And to state merely that each party had an assignment of a fund in the hands of a debtor—the appellant's equitable and the appellee's legal—and that the appellee was a purchaser for value, leaves out the very basis in such case of complainant's right, to wit, whether he gave notice of his assignment first to the debtor, and that the appellee knew of his claim. See *Mathews* v. *Hamblin, supra.*

<em>Affirmed.</em>